Robert W. Phelan, Esq. (RP-3825)
Cozen O'Connor
*Attorneys for Plaintiff, Fireman's Fund Insurance Company as subrogee of Pasquale Pantone and Kathleen May Neal*
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY, as subrogee of Pasquale Pantone and Kathleen May Neal,

777 San Marin Drive
Novato, California 94998

                             Plaintiff,

-against-

COUNTY CENTER ROOFING COMPANY, INC.,

137 S. Saw Mill River Drive
Elmsford, New York 10523

                             Defendant.
-----------------------------------------------------------X

JUDGE BRIEANT

**07 CIV 8846**

Civil Action No.:

**JURY TRIAL DEMANDED**

FILED 2007 OCT 15 AM 10:10 U.S. DISTRICT COURT S.D. OF N.Y.

## COMPLAINT

Plaintiff, by its counsel, Cozen O'Connor, complaining of the defendant, alleges the following upon information and belief:

### PARTIES

1.    Plaintiff, Fireman's Fund Insurance Company is a California corporation with a principal place of business located at 777 San Marin Drive, Novato, California. Plaintiff issued

a policy of insurance to Pasquale Pantone and Kathleen May Neal, policy no. NZB02918152, insuring the premises located at 4 Seely Place, Scarsdale, NY 10583, against damage or destruction to real and personal property as well as additional living expenses.

2. Defendant, County Center Roofing Co., Inc., is a New York corporation with a principal place of business located at 137 S. Saw Mill River Drive, Elmsford, New York 10523, and at all times relevant hereto was the roofing contractor hired to perform roofing repairs on the house located at 4 Seely Place, Scarsdale, New York.

## JURISDICTION AND VENUE

3. Jurisdiction of this court is invoked pursuant to the provisions of 28 U.S.C.A. §1332 by reason of diversity of citizenship of the parties. The matter in controversy, exclusive of interest and costs, exceeds the sum of $150,000.00. Venue is properly laid in this district pursuant to the provisions of 28 U.S.C.A. §1391.

## FACTS

4. Prior to December 19, 2006, the roof of the Pantone-Neal house was damaged by falling tree branches.

5. Prior to December 19, 2006, Mr. Pantone hired the defendant to repair the roof damaged caused by the falling tree.

6. On or about December 19, 2006, the defendant was installing copper downspouts around the first floor bay window. Specifically, the defendant was using a torch to solder the

lower elbow of the downspout. While performing this work, the defendant ignited flammable materials in crevices and openings in and around the bay window.

7. The defendant's employees did not realize that they had ignited the flammable materials in crevices and openings. When they completed their torching work, they left the premises and went to lunch, leaving behind no one to serve as fire watch.

8. When the defendant's employees returned from lunch, they saw fire around the bay window where they had been performing their torch operations. They began running around the yard, yelling "agua." However, they were unable to contain the fire.

9. The fire spread throughout the house, causing millions in damages to Mr. Pantone's and Ms. Neal's real and personal property and resulting in substantial sums paid by Mr. Pantone and Ms. Neal in additional living expenses.

10. The fire was caused through the negligent, careless and reckless acts of the defendant.

11. As a result of the fire referred to above, and pursuant to the aforesaid policy of insurance, plaintiff has paid to its insureds, Pasquale Pantone and Kathleen May Neal, an amount in excess of $1.7 million dollars, representing a partial payment for the fair and reasonable cost of repairing the damaged residence and contents, as well as the additional living expenses incurred by the insureds on account of the fire. As a result of said payments, the plaintiff is both legally and equitably subrogated to the insureds' claims against the defendant identified in this Complaint.

## COUNT I

## NEGLIGENCE

12. Plaintiff hereby incorporates paragraphs 1 through 11 as though fully set forth herein.

13. The fire referred to above resulted from the negligence, carelessness and/or recklessness of the defendant County Home Roofing Co., Inc., and/or their agents, servants and/or employees including but not limited to conduct under Section 323 A and B of the Restatement of Torts, said negligence, carelessness and/or recklessness consisting of the following:

- a) applying the torch flame in close proximity to combustible materials;
- b) using the torch in and around an area where concealed combustibles were present;
- c) using the torch in violation of applicable fire safety codes;
- d) failing to maintain a proper fire watch during and after torching activities as required by applicable fire safety codes; and
- e) failing to have a fire extinguisher present during torching activities within the distance prescribed by the applicable fire safety codes.

14. The negligence, carelessness, and/or recklessness described above were the direct and proximate cause of the damages suffered by plaintiff's insureds.

WHEREFORE, plaintiff demands that judgment be entered in its favor and against the defendant County Center Home Roofing Co., Inc., in an amount to be determined at trial, together with interest and the costs of this action.

## COUNT II

## BREACH OF CONTRACT

15.  Plaintiff hereby incorporates paragraphs 1 through 14 as though fully set forth herein.

16.  Pursuant to the contract referred to above, the defendant was required to make the roof repairs in a reasonable and safe manner, as well as comply with all applicable fire safety code provisions.

17.  The defendant breached these contractual obligations by

   a) applying the torch flame in close proximity to combustible materials;

   b) using the torch in and around an area where concealed combustibles were present;

   c) using the torch in violation of applicable fire safety codes;

   d) failing to maintain a proper fire watch during and after torching activities as required by applicable fire safety codes; and

   e) failing to have a fire extinguisher present during torching activities within the distance prescribed by the applicable fire safety codes.

18.  The breaches of contract described above were the legal, direct and proximate cause of the fire and the resulting damages suffered by the insureds.

WHEREFORE, plaintiff demands that judgment be entered in its favor and against the defendant County Center Home Roofing Co., Inc., in an amount to be determined at trial, together with interest and the costs of this action.

## COUNT III

## BREACH OF IMPLIED WARRANTIES

19. Plaintiff hereby incorporates paragraph 1 through 18 as though fully set forth herein.

20. Pursuant to the aforesaid contract, the defendants warranted that all work performed under said contract would be done in a skillful and workmanlike manner, and would comply with all applicable fire safety codes and industry standards.

21. The defendant breached these implied warranties by:

   a) applying the torch flame in close proximity to combustible materials;

   b) using the torch in and around an area where concealed combustibles were present;

   c) using the torch in violation of applicable fire safety codes;

   d) failing to maintain a proper fire watch during and after torching activities as required by applicable fire safety codes; and

   e) failing to have a fire extinguisher present during torching activities within the distance prescribed by the applicable fire safety codes.

22. The breaches of warranties described above were the legal, direct and proximate cause of the fire and the resulting damages suffered by the insureds.

WHEREFORE, plaintiff demands that judgment be entered in its favor and against the defendant County Center Home Roofing Company, Inc., in an amount to be determined at trial, together with interest and the costs of this action.

Dated: New York, New York
October 11, 2007

Respectfully submitted,

COZEN O'CONNOR

BY: _____
Robert W. Phelan, Esq. (RP-3825)
*Attorneys for Plaintiff, Fireman's Fund Insurance Company as subrogee of Pasquale Pantone and Kathleen May Neal*
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400

OF COUNSEL

Matthew Noone, Esq.
Mark Opalisky, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103-3508
(215) 665-2000

NEWYORK_DOWNTOWN\259988\1 204183.000